Welcome to the East Courtroom panel. I'm honored to be sitting this week with Judge James Dennis here in New Orleans and with Judge Don Willett from Austin. We have quite a smorgasbord for the week of cases from the criminal to all over the civil map and so forth. So we start today with this group of cases. You're veterans of this, so I won't give you the long list of rules, but the admonition that seems least obeyed consistently is to speak up and to stay in the mic. So even though we've tried to work hard to improve the sound systems from time to time, if you start speaking conversationally, your words may tail off and it's a little difficult to hear. I don't mean shout, but just stay in the mic. The other is you might expect with electronics, we do record the oral argument, and so even often when we're working on opinions, we go back to listen to the tapes, and so sometimes we find wording has tail off and it's difficult to hear. So just stay. Other than that, that's the main thing. Don't steer from the mic so we can hear you good and clear. All right. That's it. We call the first case for the morning, United States v. Aleman, Mr. Socolow. Good morning. Good morning, Your Honor. May it please the Court. Your Honors, the district court reversibly erred by assessing one criminal history point for Mr. Aleman's 15-day sentence for failure to identify, which rendered him ineligible for a reduction under the safety valve. As relevant here, 4A1.2C1 instructs that a sentence for false information to a police officer, an offense as similar to it, should be counted only if there was imprisonment for at least 30 days or it is similar to the instant offense. Mr. Aleman's failure to identify sentence should not have been counted because under this Court's Hardiman analysis, it's similar to false statement to a police officer and the sentence was not at least 30 days. The government's alternative argument fails because the prior offense is not similar to the instant offense. First, Texas failure to identify is a Class B misdemeanor if the person gives a false name to a police officer who lawfully detains him. It's a Class A misdemeanor if the person is a fugitive from justice, which means that it he is a person for whom a valid arrest warrant has been issued. Judge Dennis, speaking for the Court in Reyes, Maya, held that failure to identify, the Class B misdemeanor is the same as false information to a police officer. The only question in this case with regard to the similarity, therefore, is whether the Class A misdemeanor with an outstanding warrant is the same as false statement to a police officer. This Court held in Reyes, Maya, and Hardiman that more important than the range of punishment is the punishment that was imposed in the prior case. Here, only 15 days in jail was imposed, and that is only half of the required 30 days for the offense to have been counted. Under the Hardiman factors, therefore, it should not be counted. And also, it's no different than other offenses that are not counted under 4A1.2C1. For example, resisting arrest is not counted, and that's a Class A misdemeanor that has as elements preventing or obstructing a peace officer from effecting arrest. And also can include an outstanding arrest warrant. Contempt of court has as elements disobedience of a lawful court order. And the Seventh Circuit in Garrett held that bail jumping was similar to contempt of court, and in Fourth Circuit in Tigny held that failure to appear was like contempt of court. Therefore, this, the prior offense of failure to identify should not have counted. With regard to the government's alternative argument that failure to identify is similar to the instant offense, let me say first of all, the government's argument that Mr. Aliman fled, I don't think it's supported by the record. The government's wrong about that. The PSR says that the officers approached the river, I'm sorry, that he fled from the officers to avoid arrest is wrong. The PSR says that the officers approached the river, detonated a flash bang device, and Mr. Aliman drove away. It also says that the officers failed to intercept him, and he was subsequently arrested. There is no finding that he fled to avoid arrest, and as he explained, after he was arrested, he thought he heard a gunshot, and that's why he drove away. If the government wanted that finding, it should have asked for it, but it did not ask for it, and there's no finding that he fled to avoid arrest as opposed to fleeing to avoid what he thought was a gunshot. And because the government- Is it coincidental that he had an outstanding warrant? I'm sorry, Your Honor? He said he didn't flee to avoid arrest. I mean, is it just coincidental that he had an outstanding warrant? There's no evidence that he knew he had an outstanding warrant, Your Honor. And as I said, under the statute, you don't have to know you have an outstanding warrant. I think it's less than coincidental that the agent used a flash bang device and he thought he heard a gunshot, and there's no evidence, there's no finding of a chase. So what we're left with is, is the prior failure to identify offense similar to failure to appear? And, Your Honors, it's not because, number one, failure to identify under the Hardiman factors, the punishment is far less than failure to appear. And number two, failure to appear has a much higher mens rea. For example, you have to willfully fail to appear, whereas failure to identify, you just have to not, or to give a false name. And this court has held that that requires no forethought at all. Also, if the court is looking at, is the prior failure to identify predictive of the failure to appear in this case? On the facts of this case, the answer is no, and here's why. The failure to appear in this case involved Mr. Aliman, who had colon cancer, had had colon surgery, had a colostomy bag, was schizophrenic, and was bipolar. And if you look at the sentencing and rearrangement in this case, you'll see that the court and the attorneys discuss leaving him out and not executing the warrant for his health condition. And the judge was upset because he didn't call up. So, given those facts, a failure to identify could not be predictive of what happened in this case. Your Honors, for all those reasons, I request that you vacate the sentence and remand for resentencing. Thank you very much. Thank you. Hello.  Thank you, Your Honor. Counsel's argument that the conduct here is tantamount to what was in Reyes-Meyer, more so or not? Your Honor, the conduct here was more serious under each of the Hardeman factors than the offense and the conduct at issue in Reyes-Meyer. Jason Smith, for the United States, may it please the court, when you look at the Hardeman factors, which take into account all possible aspects of similarity and use a common sense approach with all doubts resolved in favor of including the offense in the criminal history score. Mr. Alleman's prior conviction for failure to identify as a fugitive from justice was properly included. Among the Hardeman factors are the seriousness of the punishment available for the offense. And here, Mr. Alleman was convicted of a Class A misdemeanor. The most serious of all possible misdemeanors, punishable by up to a year in prison. He actually received a sentence of 15 days imprisonment, which gets him halfway to the Bright Line Rule under the guideline that would have had this prior conviction included without any further analysis. The elements that you also compare in a Hardeman analysis are more serious for the offense of failure to identify as a fugitive from justice than the simple offense of false information to a police officer. And that's because of the additional element that you have to be a fugitive from justice. There has to be a valid arrest warrant issued for you, which means there's already a judicial officer somewhere who has found probable cause to believe that you have committed some other crime. Mr. Socolow says there's no evidence to indicate that he knew that he had an outstanding warrant or warrants. Is that so, or does it matter? It appears under the Texas statute that you're not required to know that the warrant had been issued. A common sense conclusion, though, from someone who has an outstanding warrant lying about their identity to the police makes it pretty easy to draw the conclusion that they do know that there's a warrant out there and that's why they're lying. And this Court recognized in Reyes-Maya, in its very brief analysis of the simple offense of failure to identify to a police officer, the Class B misdemeanor that doesn't include an outstanding warrant for your arrest, that those facts, lying to a police officer, seeking to avoid truthful participation in the justice system, are both indicative of a higher level of culpability and a higher predictor of future crimes. Those factors are much higher here where you have the offense of failure to identify as a fugitive because you have that existing arrest warrant out there. And in Mr. Alleman's case in particular, this Court has the benefit of hindsight. You can look and see what he did in the later federal case and see what a clear predictor his prior lies to the police were in terms of his flight from justice in this case. Mr. Socolow's suggestion that the PSR doesn't include adequate proof that Mr. Alleman tried to flee at the time he was intercepted in this case when he was trying to smuggle 300 pounds of marijuana over the border is not looking at the evidence appropriately. Agents moved in with a dog and a flashbang grenade to try to stop six people who were carrying large bundles of marijuana across the border to stash them in the truck that Mr. Alleman was driving. When they moved in to make the arrest, he left. They tried to intercept him and were unable to. It's pretty clear that he was fleeing from arrest. Putting all of that aside, he absconded, as the District Court found and spoke about at sentencing, for several months. He absconded, he failed to appear for his final pretrial conference, and wasn't arrested until several months later when he was spotted by police at a spot known for drug sales. In this case in particular, looking at that Hardeman common sense analysis, where one of the key factors is, was the prior offense serious enough and predictive enough of future criminal behavior, the District Court properly included it here. That prior offense predicted with great accuracy the fact that Mr. Alleman would seek to avoid justice in this case, as he did, by running at the time of his initial arrest and by jumping bail after he was arrested. In light of that, the District Court didn't err. It properly included that prior conviction in Mr. Alleman's criminal history category. And if the Court doesn't have any further questions, I'll rest on my brief. All right. Thank you, sir. Thank you. Back to you, Ms. Socolow, if you have right of rebuttal to choose. Mr. Your Honor, if the Court has no questions, I'd rest on my argument and my briefs. Thank you very much, Your Honor. All right. Thank you, both counsel, for the briefing and argument. We will decide the issue. Thank you. All right. We'll call the second case up. Foustock v. Banker.